# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No: 8:06-cr-454-T-27JSS

RAYMOND SMITH
_____/

## ORDER

**BEFORE THE COURT** are Defendant Smith's "Motion for Compassionate Release or Alternatively Reduction of Sentence, Pursuant to 18 U.S.C. §3582(c)(1)(A) as Amended by the First Step Act, Public Law No. 115-391, 132. Stat. 5194 (2018)" (Dkt. 155), the United States' Response in Opposition (Dkt. 167), Smith's Objections to Government's Response in Opposition (Dkt. 171), and his Request to Appoint Attorney (Dkt. 156). Upon consideration, Smith's motions (Dkts. 155, 156) are **DENIED**.

Smith stands convicted of conspiracy to possess with intent to distribute five kilograms or more of cocaine (Count One), attempted possession with intent to distribute five kilograms or more of cocaine (Count Two), and aiding and abetting another who carried a firearm in relation to a drug trafficking crime (Count Four). (Dkt. 112 at 1). He was sentenced to concurrent terms of 262 months on Counts One and Two and 60 months on Count Four to run consecutive to the terms imposed on Counts One and Two. (Id. at 2). His convictions and sentence were affirmed on appeal. (Dkt. 126). His motion to vacate under 28 U.S.C. § 2255 was denied. (Dkt. 133). His application for leave to file a second or successive § 2255 motion was denied. (Dkt. 140).

Smith now seeks compassionate release or a sentence reduction based on what he contends are "extraordinary and compelling reasons." (Dkt. 155). Specifically, he asserts that he is "a 51 years old male that is experiencing many health issues," is "taking over (8 eight)

different medication all for different medical problems," including for "an enlarged prostate" and stomach ulcers, is a "chronic asthma patient," has a "large painful lump in his neck," had a surgery in 2018 "to remove a large mass from his chest," and that "complications from the surgery is causing [him] unbearable pain and difficulty with breathing at various times throughout the day." (Id. at 4-5). He further asserts that he has been diagnosed with "hypertension, hyperlipidemia, prediabetes, [and] atherosclerosis." (Id. at 6). He asserts that he has "many underlying ailments" and that "COVID-19 could deliver a fatal blow to [him.]" (Id. at 5-9). He also raises several challenges to his sentence and requests counsel.[1] (Dkt. 156)

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to seek compassionate release with the court after fully exhausting the administrative remedies available to him following the failure of the Bureau of Prisons (BOP) to bring a motion on his behalf, or 30 days after the warden receives the request to bring such a motion, whichever is earlier. *See* First Step Act of 2018, § 603(b). Smith has provided documentation reflecting that 30 days have elapsed since the warden received his request to bring a motion for compassionate release. *See* (Dkt. 155-1).[2] However, as the United States correctly contends, he has not shown an

---

[1] For example, Smith contends that "his career criminal classification is illegal" and requests that it "be removed." (Dkt. 155 at 9-10). He also contends that his Indictment charged him "with five or more kilograms of cocaine, but was sentenced for fifteen to forty-seven kilograms of cocaine," and that "[u]nder the new amended First Step Act this is illegal" (Id at 10). He further contends that "under today's laws . . . [he] would not have received such a long sentence," that "there have been a huge change to drug Mandatory Minimum penalties," that the "district court erred at sentencing, when it calculated his base offense level," that he is actually innocent of the convictions, and that the "reverse sting operation" violated due process (Id. at 10-15, 17-18). However, as he acknowledges, "a majority of the changes made by the First Step Act does not apply retroactively, otherwise [he] would necessarily be qualified for a substantial reduction." (Id. at 10-11).

In any event, Smith's challenges to his convictions and sentence do not constitute extraordinary and compelling circumstances. *See United States v. Abreu*, 840 F. App'x 457, 461 (11th Cir. 2020) (finding that "§ 3582(c) does not grant the district court jurisdiction to consider extraneous resentencing issues, which a claimant must instead present as a collateral attack on his sentence under 28 U.S.C. § 2255"); *United States v. Plowright*, No. CR 107-167, 2020 WL 3316989, at *2 (S.D. Ga. June 18, 2020) (rejecting challenge to "stacked sentence" as basis for compassionate release); *see also* (Dkt. 153).

[2] As the basis for compassionate release in his request to the warden, Smith raised issues relating to his

"extraordinary and compelling reason" warranting compassionate release. (Dkt. 167 at 9).

While the First Step Act provides for a sentence reduction based on "extraordinary and compelling reasons," the reduction must be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission promulgated its policy statement in U.S.S.G. § 1B1.13. The application notes to § 1B1.13 list four circumstances as extraordinary and compelling under § 3582(c)(1)(A): (A) a serious medical condition; (B) advanced age and deteriorating health; (C) family circumstances; and (D) an extraordinary and compelling reason other than, or in combination with, (A)-(C), as determined by the Director of the BOP. § 1B1.13, cmt. n.1.

None of the reasons offered by Smith fall within these circumstances. First, although he asserts and provides documentation reflecting that he has several medical conditions, he does not provide documentation demonstrating that he suffers from a terminal illness or that his conditions substantially diminish his ability to provide self-care. *See* (Dkt. 155 at 4-9); (Dkt. 155-3); U.S.S.G. § 1B1.13, cmt. n.1. And courts in this Circuit, with which I agree, have held that "general concerns about possible exposure to COVID-19 do not meet the criteria for an extraordinary and compelling reason under U.S.S.G. § 1B1.13." *See United States v. Smith*, No. 8:17-cr-412-T-36AAS, 2020 WL 2512883, at *6 (M.D. Fla. May 15, 2020).

Additionally, Smith does not qualify under the age-based criteria, and he has not presented family circumstances to justify compassionate release. Moreover, his circumstances do not warrant a sentence reduction under application note (D), especially when considering the factors listed in the BOP's Program Statement 5050.50, available at

---

convictions and sentence. *See* (Dkts. 155-1, 155-2). In any event, the United States acknowledges that because "[m]ore than 30 days from the BOP's receipt of [his] application for compassionate release passed before he filed the instant motion . . . this Court may consider the merits of [his] request." (Dkt. 167 at 9); *see also United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).

https://www.bop.gov/policy/progstat/5050_050_EN.pdf (last accessed May 24, 2021). And while his rehabilitation efforts are admirable, (Dkt. 171 at 3-4), rehabilitation alone is insufficient to warrant release. *See* 28 U.S.C. § 994(t). In sum, Smith's reasons are not encompassed within the "extraordinary and compelling" circumstances in the policy statement of § 1B1.13 and are, therefore, not consistent with the policy statement in § 1B1.13.

To the extent Smith contends that he has presented an extraordinary and compelling reason independent of U.S.S.G. § 1B1.13, the Eleventh Circuit Court of Appeals has rejected that contention. *United States v. Bryant*, No. 19-14267, 2021 WL 1827158, at *2 (11th Cir. May 7, 2021) (concluding that "1B1.13 is an applicable policy statement for all Section 3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence"); *see* (Dkt. 155 at 10-11, 21-22); (Dkt. 171 at 2). In any event, even if district courts have discretion to independently determine what constitutes an extraordinary and compelling reason, Smith has not established a basis to warrant compassionate release. Last, even if extraordinary and compelling reasons exist, the § 3553(a) factors do not weigh in favor of his release.[3]

---

[3] These factors aid the court in imposing a sentence that is "sufficient, but not greater than necessary . . . to reflect the seriousness of the offense and to promote respect for the law, the need for adequate deterrence, the need to protect the public, and the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment." *United States v. Powers*, 790 F. App'x 176, 181-82 (11th Cir. 2019) (citation omitted). In addition to these factors, "[t]he court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant . . . ." *United States v. Gonzalez-Villanueva*, 810 F. App'x 809, 812 (11th Cir. 2020) (citations omitted). As the United States correctly contends, the circumstances of Smith's offense and his extensive criminal history do not weigh in favor of release. *See* U.S.S.G. §1B1.13(2); (Dkt. 167 at 7, 13-14). Smith stands convicted of conspiracy to possess with intent to distribute five kilograms or more of cocaine, attempted possession with intent to distribute five kilograms or more of cocaine, and aiding and abetting another who carried a firearm in relation to a drug trafficking crime. (Dkt. 112 at 1). Reducing his sentence, therefore, would not reflect the seriousness of his offense, promote respect for the law, provide just punishment, or adequately deter criminal conduct in the future.

In summary, Smith has not demonstrated that compassionate release or a reduction in his sentence is warranted. Accordingly, his motion and request to appoint counsel are **DENIED**. (Dkts. 155, 156).

**DONE AND ORDERED** this 25th day of May, 2021.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record